USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FLAT RATE MOVERS, LTD.
(d/b/a FLATRATE MOVING)

                    Plaintiff,        ORDER

      -against-                  13 CV 0059 (MGC)

FLATRATE MOVING & STORAGE, INC.;
MOSHE ALUSH a/k/a MOSHE ALOSH,
MOSHE ALOUSH; ELIYAHU ALUSH a/k/a
ELIYAHU ALOSH, ELIYAHU ALOUSH; and
ITZHAK ALUSH a/k/a ITZHAK ALOSH,
ITZHAK ALOUSH, YITZHAK ALUSH,
YITZHAK ALOSH, YITZHAK ALOUSH,

                   Defendants.
------------------------------------X

**Cedarbaum, J.**

    Plaintiff has won partial summary judgment in this case on claims of trademark infringement and unfair competition. Plaintiff seeks damages under 15 U.S.C. § 1117(a), a provision which states that, based on trademark infringement, a plaintiff can recover defendant's profits. The statute indicates that "plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." Id. § 1117(a)(3). Plaintiff submits the deposition testimony of defendant Eliyahu Alush in which Alush states that the defendant company earns about $700,000 in revenues a year.

Based on that testimony, and the lack of any response from Defendants proving its costs, Plaintiff argues it is entitled to $700,000 in damages.

The trademark statute also states, however, that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a)(3).

Based on the circumstances of this case, it would be unjust to award the $700,000 in damages that Plaintiff requests. The actual damage suffered by Plaintiff's business is likely small relative to that number -- a handful of diverted customers seeking moving services and a minimal degree of reputational harm. See Maya Swimwear LLC v. Rivera, No. 08 CIV. 9766(JSR), 2010 WL 1257436, at *1 (S.D.N.Y. Mar. 26, 2010) ("[Plaintiff] has not produced an even remotely plausible figure for damages that were sustained as a result of [defendant's] infringing activity."). Yet, the size of the actual damage is difficult to quantify here.

Statutory damages are available for this such situation, especially where the difficulty in assessing damages stems, in part, from Defendants' lack of

2

cooperation in producing documents. 15 U.S.C. § 1117(c); see also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 110 (2d Cir. 2012) (statutory damages designed "to ensure that plaintiffs would receive more than de minimis compensation for the injury caused by counterfeiting as a result of the unprovability of actual damages despite the plain inference of damages to the plaintiff from the defendant's unlawful behavior").

It is clear that Plaintiff's business has been harmed to some extent. In addition, an award of damages is necessary for specific and general deterrence purposes. See Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp., 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013). The statutory damages range is $1,000 to $200,000, and the maximum increases by ten times to $2,000,000 in instances of willful infringement. 15 U.S.C. § 1117(c). Because the violation here was willful, the statutory minimum award will be increased by that same multiple of ten. Accordingly, defendants FlatRate Moving & Storage, Inc., Moshe Alush, and Eliyahu Alush shall pay Plaintiff $10,000 in statutory damages for the use of a counterfeit mark in the provision of moving services. See Stark Carpet, 954 F. Supp. 2d at 156 (increasing minimum

statutory damages of $1,000 by multiple of ten because of willfulness).

Because Plaintiff has dropped its request for attorneys' fees and costs, this order resolves the matter. The case is closed.

SO ORDERED.

Date:   New York, New York
        July 30 2015

S/
MIRIAM GOLDMAN CEDARBAUM
United States District Judge